NEW RIVER GROCERY COMPANY, *et al. v.* CITY OF HINTON

(No. 7620)

Submitted October 11, 1933.   Decided December 12, 1933.

*P. J. Carr, W. A. Brown* and *R. F. Dunlap,* for plaintiff in error.

*A. D. Daly,* for defendant in error.

LITZ, JUDGE:

This is a proceeding by taxpayers in the city of Hinton (under chapter 11, article 8, section 9 of the Code of 1931),

to supersede an order entered by the common council thereof, August 16, 1932, levying fifty-five cents on the one hundred dollars valuation of the property therein to pay a claim of Luten Bridge Company against the municipality in the sum of $29,541.39.

It appears from the pleadings and exhibits (no evidence having been offered) that, a bond issue of $160,000.00 having been approved by the citizens of Hinton for the construction of a bridge, over a street crossing of the Chesapeake & Ohio Railway tracks, and other improvements, the city entered into a contract, August 15, 1928, employing the Luten Bridge Company to construct the bridge for $75,556.00; that the necessity of placing the foundation of the bridge at a greater depth than originally estimated increased its cost $46,207.68 beyond the funds available at the completion of the work, for which the city issued to the bridge company drafts or warrants, indorsed "no funds"; that payments having been made thereon in the sum of $23,087.23, the Bridge Company filed a petition against the common council of the city for a writ of mandamus, commanding it to lay a special levy for payment of the balance thereof, amounting to $29,541.39 as of October 14, 1931; that upon the petition and answer admitting its averments, an order was entered October 27, 1931, directing the issuance of the writ as prayed; that before making the levy as required, the city council called an election for May 10, 1932, to authorize the issuance of bonds to pay the claim; that in advance of the day fixed for the election, some of. the petitioners in this proceeding filed a bill against the common council and the Luten Bridge Company, praying for an injunction, inhibiting the execution of the writ of mandamus and the holding of the special election; that the suit, in which preliminary relief was refused, is still pending; and that the bonds having failed to carry, the imposition of the special levy in question followed.

The petition in this proceeding charges that the special levy is illegal in that it creates an indebtedness in excess of five per centum of the value of the property within the city, and that the claim of the Bridge Company is unenforceable as having been contracted in excess of currently available funds. The petition of the Bridge Company in mandamus alleged, in

effect, that the contract between it and the city stipulated for additional payment for work required in the construction of the bridge beyond the estimates on which the contract price was based; and that the shortage of funds existing at the completion of the work was due to the use by the city, for other improvements, of part of the money provided for the construction of the bridge.

The trial court entered an order upon the pleadings and exhibits, superseding the special levy on the ground that it "exceeds the limits fixed by law." Necessary facts are not only unproven but insufficiently alleged. The attempt of counsel to supply the deficiencies by argument on brief is unavailing.

Under section 13, article 8, chapter 11, Code 1931, any certificate, order or other evidence of indebtedness issued by a municipal corporation which cannot be paid out of the levy for the current fiscal year or out of the fund against which it is issued is "void and of no effect". Therefore, such certificates or orders issued by the city to the Luten Bridge Company which could not have been paid out of the levy for the current fiscal year or out of the fund against which they were issued would be illegal and void; and the mandamus proceeding in so far as it was based upon such orders or certificates would also be illegal. As the issues involved affect public interest, the order of the circuit court will be reversed and the case remanded for further development.

*Reversed and remanded.*